IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00147-MR

MAURICE ALAN CRAIG,            )
                               )
           Petitioner,         )
                               )
    vs.                        )        O R D E R
                               )
ERIK HOOKS,                    )
                               )
           Respondent.         )
_____)

**THIS MATTER** is before the Court on the Respondent's Motion to Dismiss Habeas Petition [Doc. 12].

## I.  BACKGROUND

The Petitioner is a prisoner of the State of North Carolina.  On April 4, 1994, the Petitioner pled guilty to one count of second-degree murder and one count of assault with a deadly weapon.  [Doc. 2 at 1].  On April 6, 1994, he was sentenced to a term of life imprisonment for the murder conviction and a concurrent sentence of ten years' imprisonment for the assault conviction.  [Id.].  The Petitioner did not file a direct appeal.  [Id. at 2].

On September 6, 2001, the Petitioner filed a § 2254 petition in this Court challenging his 1994 state convictions.  [Civil Case No. 1:01-cv-210-

GCM, Doc. 1]. In that petition, the Petitioner contended that North Carolina sentencing practices had adversely affected his sentence and that his due process and equal protection rights had been violated. [Id., Doc. 1 at 4-5]. The Court dismissed that petition without prejudice because the Petitioner had failed to exhaust his claims in state court. [Id., Doc. 2 at 2].

The Petitioner did not appeal from the Court's 2001 dismissal, but the Petitioner did file a motion to amend his earlier petition in this Court on November 5, 2001. [Id., Doc. 3]. The Petitioner also filed a motion for authorization to file a successive application for habeas relief in the United States Court of Appeals for the Fourth Circuit, which was denied on March 8, 2002. [Id., Doc. 4]. On November 15, 2002, this Court denied the Petitioner's motion to amend his earlier habeas petition, which the Court construed as a motion for reconsideration. [Id., Doc. 5 at 2-3]. The Court noted that the Petitioner had failed to demonstrate the timeliness of his petition, despite having two opportunities to do so. [Id., Doc. 5 at 2].

In 2011, the Petitioner filed a motion for appropriate relief ("MAR") in Buncombe County Superior Court. Craig v. Jackson, No. 1:12-cv-284-RJC, 2013 WL 5536485, at *1 (W.D.N.C. Oct. 7, 2013). In that MAR, the Petitioner argued that changes to the North Carolina Structured Sentencing Act ("SSA") retroactively applied to cases, such as his, where the defendant was

2

sentenced under the North Carolina Fair Sentencing Act ("FSA"). Id. The court denied that MAR on October 14, 2011. Id.

On December 19, 2011, the Petitioner filed a petition for writ of habeas corpus under North Carolina law, again contending that changes in North Carolina's sentencing laws entitled him to be resentenced. Id. The Buncombe County Superior Court denied that writ on January 31, 2012, and the Petitioner subsequently filed a petition for writ of certiorari in the North Carolina Court of Appeals. Id. The court denied that petition for writ of certiorari on March 14, 2012. Id.

In September 2012, the Petitioner filed an application for § 2254 relief in the Middle District of North Carolina that was promptly transferred to this Court. Id. In that petition, the Petitioner renewed his argument that changes made to North Carolina's SSA should be applied retroactively.[1] Id. Additionally, the Petitioner argued that it was unconstitutional—on due process and equal protection grounds—for one sentenced under the FSA to

---

[1] The Petitioner's 2012 application for § 2254 relief was not "second or successive," under 28 U.S.C. § 2244(b), to the Petitioner's 2001 application for § 2254 relief because the 2001 application was dismissed for failure to exhaust claims in state court. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition."). Therefore, § 2244(b)'s gatekeeping provision did not apply to the 2012 petition, and the Court had jurisdiction to review the merits of the Petitioner's claims. See id. at 485-86.

3

serve a harsher sentence than one sentenced under the SSA, as initially enacted, and as amended by the North Carolina General Assembly. Id.

On October 7, 2013, the Court dismissed the petition finding: (1) that the Petitioner's argument for the retroactivity of North Carolina's SSA was a state-law claim not cognizable on federal habeas review; (2) that the Petitioner's equal protection argument failed because the Petitioner failed to demonstrate that he was a member of a suspect class; (3) that the Petitioner's due process argument failed because the Petitioner presented no evidence that he did not knowingly and voluntarily plead guilty or that he was unaware of his potential punishment; and (4) that the Petitioner's application for § 2254 relief was untimely. Id. at *2; id. at *2 n.1. The Court declined to issue a certificate of appealability finding that the Petitioner had not made a substantial showing of a denial of a constitutional right. Id. at *3 (citing 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

On August 10, 2017, the Petitioner filed another MAR in Buncombe County Superior Court. [Doc. 2 at 16]. The court denied that MAR on September 15, 2017. [Id. at 31-32]. On October 16, 2017, the Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the denial of the 2017 MAR. [Id. at 33]. That petition was

denied on October 19, 2017. [Id. at 38]. On November 17, 2017, the Petitioner filed a petition for writ of certiorari with the North Carolina Supreme Court. [Id. at 39]. That petition was denied on March 5, 2018.[2] [Id. at 45]; see also State v. Craig, 809 S.E.2d 601 (N.C. 2018) (mem.).

On May 23, 2018, the Petitioner filed the instant application for § 2254 relief. [Doc. 2]. As his grounds for relief, the Petitioner argues that his plea agreement was breached when the North Carolina legislature changed its criteria for parole eligibility in 2008, and that this change to state law constituted an illegal ex post facto law and a violation of the Petitioner's Eighth and Fourteenth Amendment rights.[3] [Id. at 5, 13-14].

On September 21, 2020, the Court issued an Order explaining that the instant Petition appeared to be untimely under § 2244(d)(1)(A) and instructing the Petitioner to show cause why the instant Petition should not be dismissed as untimely. [Doc. 5 at 4].

---

[2] In the order denying the Petitioner's MAR, the state court noted that the Petitioner had previously filed six MARs asserting identical arguments, and that these MARs were all denied. [Doc. 2 at 31]. The Petitioner, however, references only the 2017 MAR in the instant Petition.

[3] Even though the order denying the Petitioner's MAR refers to the basis for the Petitioner's motion as being the same as the Petitioner's past MARs, the Court will give the Petitioner the benefit of the doubt that the 2017 MAR included an entirely new basis, that being this ex post facto argument.

5

On October 13, 2020, the Petitioner responded to the Order arguing that the instant Petition is timely because the Petitioner was neither given the letters denying yearly parole review nor given access to a computer while he was at Brown Creek Correctional Institution from 2007 until 2017. [Doc. 7 at 5-7]. The Petitioner contends that he did not receive the letters denying yearly parole review until he was transferred to Tabor Correctional Institution ("TCI") in 2017. [Id. at 6]. According to the Petitioner, he "was not aware that he was only being brought up every 36 months instead of every 12 months" until he was transferred to TCI and began receiving letters from the North Carolina Parole Commission. [Id.].

The Petitioner contends that his 2017 receipt of the letters constitutes "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States" was removed under 28 U.S.C. § 2244(d)(1)(B) and "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" under § 2244(d)(1)(D). [Id. at 7].

On November 23, 2020, the Court issued an Order directing the Respondent to respond to the instant Petition.[4] [Doc. 8]. On April 12, 2021,

---

[4] The Respondent failed to receive ECF notice of the Court's November 2020 Order. [Doc. 9 at 1-2]. Thus, the Court issued the February 2021 Order giving the Respondent sixty (60) days to answer or otherwise respond to the instant Petition. [Id. at 2].

the Respondent filed a motion to dismiss. [Doc. 12]. As support for that Motion, the Respondent argued: (1) that the instant Petition was successive without authorization from the Fourth Circuit, and (2) that the instant Petition was untimely. [Doc. 13].

On June 1, 2021, the Petitioner responded to the Respondent's Motion. [Doc. 16]. In his Response, the Petitioner reiterated the timeliness argument he made in response to the Court's earlier Order. [Id. at 5-7]. The Petitioner, however, provided no argument for why the instant Petition should not be dismissed as successive without authorization from the Fourth Circuit.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. See 28 U.S.C. § 2244(b)(3). Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. § 2244(b)(3)(A). Failure to obtain authorization from the appropriate court of appeals deprives the district court of jurisdiction to consider the petitioner's second or successive petition. Burton v. Stewart, 549 U.S. 147, 153 (2007).

Section 2244(b)'s gatekeeping provision does not, however, apply to all habeas filings made after an initial habeas petition. Banister v. Davis, 140 S. Ct. 1698, 1705 (2020). And, if "a habeas petition is not second or successive, then authorization to file is unnecessary and the court of appeals will generally return the petition to the district court." In re Gray, 850 F.3d 139, 140 (4th Cir. 2017) (citations omitted). Thus, a district court must determine whether a new filing constitutes a "second or successive" habeas petition in order to decide whether § 2244(b)'s gatekeeping provision applies, and authorization from the appropriate court of appeals is required. Magwood v. Patterson, 561 U.S. 320, 330-31 (2010).

"The phrase second or successive application . . . is a term of art, which is not self-defining." Banister, 140 S. Ct. at 1705 (internal quotation marks and citations omitted). The phrase is not defined in AEDPA itself, but rather "takes its full meaning from [Supreme Court] case law." Panetti v. Quarterman, 551 U.S. 930, 943 (2007) (citations omitted). Magwood is the guiding Supreme Court case interpreting the phrase. Gray, 850 F.3d at 141. In Magwood, the Supreme Court held that the prisoner's second § 2254 petition was not "second or successive" under § 2244(b) because it was the first petition addressing an intervening judgment issued between the prisoner's first and second § 2254 petitions. Magwood, 561 U.S. at 342.

8

The Magwood rule, however, does not apply where a habeas petitioner challenges a parole denial in the absence of an intervening state-court judgment. See In re Wright, 826 F.3d 774, 783 (4th Cir. 2016) (citing Magwood, 561 U.S. at 338 n.12). The Fourth Circuit relies "on pre-AEDPA abuse-of-the writ principles" to resolve § 2254 petitions challenging the execution of a sentence. Id. Applying these principles, the Fourth Circuit has determined that an application is "second or successive" under § 2244(b) when "it raises claims that could have been raised in prior petitions." Id. (citing 28 U.S.C. § 2244(b)(2)).

As noted above, the Petitioner filed a § 2254 petition in 2012. Craig, 2013 WL 5536485, at *1-3. The Court dismissed that petition on the merits in October 2013. Id. at *2. In the instant Petition, the Petitioner contends that a 2008 amendment to state law constituted an unconstitutional ex post facto law and breach of his 1994 plea agreement. [Doc. 2]. Because this claim was available prior to the Petitioner's 2012 application for § 2254 relief, the instant Petition is "second or successive" under § 2244(b)(3). See Wright, 826 F.3d at 784-85.

The Petitioner could have raised his ex post facto claim in 2012. Notably, another North Carolina prisoner made the Petitioner's same argument in a 2010 civil rights lawsuit. See Hunt v. Rand, No. 5:10–CT–

9

3139–FL, 2011 WL 3664340, at *1 (E.D.N.C. Aug. 18, 2011). In Hunt, the Plaintiff sought an injunction requiring an immediate parole hearing on the basis that N.C. Gen. Stat. § 15A–1371(b)(4), as amended in 2008 to provide for parole review every three years rather than every year, violated the Ex Post Facto Clause of the United States Constitution. Id. at *1-3. This is the same basis for relief alleged in the instant Petition, but absent from the Petitioner's 2012 application for § 2254 relief. Thus, the Petitioner could have brought his ex post facto claim in 2012, but failed to do so. See Wright, 826 F.3d at 784-85; cf. Panetti, 551 U.S. at 947 (creating an "exceptio[n]" to § 2244(b) for a second application raising a claim that would have been unripe had the petitioner presented it in his first application).

In sum, the instant Petition is an effort to re-contest the execution of the Petitioner's sentence based on grounds that were available prior to his 2012 application for § 2254 relief. And, because no judgment has been entered since the original 1994 conviction, there is no intervening judgment that could create a Magwood reset of § 2244(b)'s "second or successive bar." See Gray, 850 F.3d at 143 ("The Magwood Court made clear that it is the newness of the intervening judgment as a whole that resets the habeas counter to zero."). Therefore, the instant Petition is "second or successive,"

and the Petitioner was required to apply for authorization from the Fourth Circuit.  28 U.S.C. § 2244(b)(3)(A).

Because the Petitioner has not received the Fourth Circuit's authorization to file a "second or successive" habeas petition challenging the execution of his sentence, the Court lacks jurisdiction to consider the merits of the instant Petition, and it must be dismissed.[5]  Burton, 549 U.S. at 153.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El, 537 U.S. at 338 (noting that, in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack, 529 U.S. at 484 (holding that, when relief is denied on procedural grounds, a petitioner must establish both that the

---

[5] The Petitioner argues that the instant Petition should not be dismissed because the Petitioner did not personally receive letters from the North Carolina Parole Commission between 2007 and 2017, and, therefore, allegedly remained unaware of the 2008 changes to the frequency of North Carolina parole hearings.  [Docs. 7 at 5-7, 16 at 5-7]. While the Petitioner's argument has no bearing on whether the instant Petition is "second or successive" without authorization, the Court notes that § 2244(d)(1)'s one-year statute of limitations can only be equitably tolled if a petitioner demonstrates: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing.  Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks and citations omitted).  Even if the Petitioner could demonstrate that "a factor beyond [the Petitioner's] control prevented him from filing within the limitations period," Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (citation omitted), the Petitioner has failed to explain how spending ten years without inquiring about the frequency of parole hearings constitutes diligently pursuing his rights.

dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Respondent's Motion to Dismiss Habeas Petition [Doc. 12] is **GRANTED**. The Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. 2] is **DISMISSED WITHOUT PREJUDICE** as an unauthorized, successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 24, 2021

Martin Reidinger
Chief United States District Judge